**Julius L. SPIELBERGER, Plaintiff,**

v.

**SUN LIFE ASSURANCE COMPANY of Canada, Defendant.**

**No. 672.**

United States District Court
E. D. Kentucky, Covington Division.

June 3, 1955.

Thomas W. Hardesty, Newport, Ky., for plaintiff.

R. Lee Blackwell, Louisville, Ky., for defendant.

SWINFORD, District Judge.

Jacob Spielberger at the time of his death on October 8, 1954, held two insurance policies issued by the defendant, the Sun Life Assurance Company of Canada. The policies had been issued on the 25th day of April, 1931. The last payments that were made were paid to and including April 25, 1948, at which time there was a default in the payment of premiums and the policies lapsed for failure of payment of premiums.

The policies are identical insofar as this litigation is concerned. They provided that after the lapse of the policies for nonpayment of premiums that the policies should be surrendered for either their cash value or for endorsement of them for paid up assurance [1] and that upon the failure to make such an election the policies would automatically go upon an extended term assurance basis which was the actuarial and mathematical equivalent of their cash values and paid up assurance values. The assured did not make the election between accepting the cash value or paid up assurance and was therefore entitled to have the extended term assurance provided by the policies.

It is mathematically determined that the extended term assurance on the accumulated value of the policies extended them in effect for a period of five years, five months and eleven days beyond April 25, 1948, the date of the lapse of the policies for nonpayment of premiums. The exact date to which they were extended was October 6, 1953. Jacob Spielberger, the owner of the policies, died on October 8, 1954, which was one year and

---

1. The defendant is a Canadian corporation and the policies use the customary British word "assurance" instead of the familiar American word "insurance".

Where the policies are referred to I have followed that usage in this memorandum.

two days after his insurance as provided in these policies had expired. The plaintiff in this case is the son of Jacob Spielberger and the beneficiary under the policies.

I am unable to see how the plaintiff can seriously contend that he is entitled to recover on these policies. He takes the position that it was the duty of the defendant to ignore the provisions of the policies and to assume the responsibility of making the election which the policies required the holder to make; that is, to either endorse the policies as paid up assurance or to pay to the assured their cash surrender value. Had the company assumed the responsibility of making this election it would have been committing a breach of the contract. The extended assurance which automatically came into effect when no election was made by the assured within the ninety day period would have been of greater value to the assured than either of the alternatives between which he might elect as it extended the insurance for the full amount provided by each policy for several years. Had the assured died within that period of time, the beneficiary, had the defendant assumed to make the election, would have had an action on the contract to recover the full amount as provided by the contract and not to be limited to either of the two alternatives.

Kentucky Statutes, Section 659, in effect in 1931 at the time these policies of insurance were written must be considered a part of the policies insofar as its provisions affect the rights of the insured in this litigation. Mutual Benefit Life Insurance Co. v. O'Brian, 144 Ky. 308, 138 S.W. 245; Commonwealth Life Insurance Co. v. Haskins, 259 Ky. 780, 83 S.W.2d 457.

The statute provided that every life insurance policy shall contain a provision that in the event of a default in the premium payments, the insured shall be entitled to a stipulated form of insurance, the net value of which shall be at least equal to the reserve on the policy at the date of default.

The policies met this requirement and by provision for his right to elect between the cash value or paid up insurance plans protected him for the full value of the reserve which his annual premium payments since the inception of the policy had built up; not only that, but the further provision that the policy would automatically be converted into extended term insurance gave him an equal value which might, under certain circumstances, be even a greater value. Under the two thousand dollar policy the total amount available to Mr. Spielberger was $1043.18. The total amount under the five thousand dollar policy was $2607.95. The sum of these two figures, which is the most he could have gotten had he made his election within the ninety day period, is $3651.13, which automatically provided for him more than seven thousand dollars of insurance for five years, five months and eleven days.

The authorities cited by the plaintiff do not bear out his contention that the policies should have a present cash value to the plaintiff. There are no statutory or case authorities for nullifying the clear terms of an insurance contract such as the policies in the instant case. An insurance company cannot be held liable for policies that have lapsed for nonpayment of premiums beyond the terms of the policies when the policies meet the statutory requirements of clarity in adequately protecting the insured to the rights which he may have in the value of any reserve.

Nothing can be gained by belaboring the very narrow issue presented in this case. There is but one question to be determined. Do the policies meet the requirements of the Kentucky Statutes in force at the time they were written? The answer to this is that they do. The insured failed to exercise his right of election and the defendant was helpless to do anything other than to hold itself liable on the policies for the period of extended insurance.

The attorney for the defendant will submit findings of fact, conclusions of law and judgment in conformity with this memorandum.